# EXHIBIT
# D

**Gulf Group**
**GENERAL ENTERPRISES Co. W.L.L.**

4th Entrance, 2nd Floor
Sabhya Commercial Complex
P.O. Box 21612, Safat 13077, KUWAIT
Tel. : + 965 246 8111
Fax : + 965 246 8333

Major John Cockerham
G-4 Contracting officer
Camp Arifjan
Kuwait
Tel: 389-2349
Fax: 389 2333

October 20, 2005

**Reference: Dumpsters Contract # W912D1-04-P-0897- P00005**

**Subject: Claim and Settlement Offer.**

Dear Major Cockerham,

We hereby submitting our claim for the Dumpsters Services contract with US Army Contracting Command SWA Kuwait (ARCENT) at Camp Arifjan which has been cancelled by US Army on 22nd October 2004. The contract was awarded on 18th September 2004 with the period of performance between September 25, 2004 and September 24, 2007.

We have arranged all the materials (dumpsters), vehicles and man power for doing services as per the scope of work and were doing the services.

In the mean while we received an order of cancellation of the contract stating that "Contract is cancelled by order of the ASG Commander Kuwait Col Brick Miller, Contract was cancelled in accordance with FAR Part 52.212-4 Termination for Convenience of the Government".

By the cancellation of the contract we have had an irreparable injury and loss. So we request your kind attention and approval for our claim and submitting this claim with following documents for reimbursement of both costs and profits.

The following documents are enclosed for your review and verification.

1) Form 1436 Settlement proposal
2) Claim and Settlement Offer
3) Appendix: 1. Contract
4) Appendix: 2. Cancellation Documents
5) Appendix: 3. Expense Table
6) Appendix: 4. Expense Documents
7) Appendix: 5. Pictures of dumpsters and vehicles.

If you have any queries, please call me at your convenient time and date. And we are ready to any explanations and details with respect to the claim.

Thanks and regards

Saud Al Tawash
General Manger
Cell: +965 982-3434

GULF GROUP GEN. ENTERPRISES CO. W.L.L.

EXHIBIT
2

# CLAIM & SETTLEMENT OFFER FOR FIXED PRICE SERVICE CONTRACT #W912D1-04-P-0897

## INTRODUCTION

This is an offer for settlement under FAR Part 49 with regard to contract #W912D1-04-P-0897, which is between US Army Contracting Command SWA-Kuwait ("Arcent"), and Gulf Group General Enterprises Co. W.L.L. ("Gulf Enterprises") awarded September 18, 2004, with the period of performance being between September 25, 2004, and September 24, 2007. A copy of the contract is found in Appendix 1. This offer includes reimbursement of both costs and lost profits. Other considerations such as settlement expenses are still being determined, however, Gulf Enterprises is willing at this time to accept $ [illegible] as full and final settlement.

Pursuant to Part 49.206-1(c) of the Federal Acquisition Regulations (FAR), the forms provided in Part 49.602 are determined to be inadequate for the settlement of this fixed price service contract. However, SF 1436 is completed to the extent possible for the benefit of Army record keeping.

## BACKGROUND

The subject contract is the result of the Arcent solicitation #W912D1-04-T-0339 issued August 28, 2004, which had been discussed and negotiated up to the contract award date. The contract subject matter relates to the providing of dumpsters and emptying their waste.

In furtherance of the contract and its preceding negotiations Gulf Enterprises took immediate steps to order equipment and supplies, obtain workers, delivery and placement, and all other necessary requirements to perform its obligations. See Appendices 3 and 4 for specific documents. On October 22, 2004, Gulf Enterprises was ordered to stop its contractual compliance activities pursuant to documents included herein as Appendix 2, which stated the contract was "cancelled by order of the ASG Commander Kuwait COL Brick Miller. Contract was canceled in accordance with FAR Part 52.212-4 Termination for Convenience of the Government." Gulf Enterprises had fully prepared to continue performance, not only for the entire contract period, but also potentially for anticipated extensions. Gulf Enterprises continues to hold a substantial inventory of dumpsters.

## TOTAL CLAIM AMOUNT

The contract, found in Appendix 1, demonstrates the intended value of the contract:

| | |
|---|---|
| ITEM 1001AA | $115,554.00 |
| ITEM 1001AB | $118,779.66 |
| ITEM 1001AC | $ 36,847.44 |
| ITEM 2001AA | $108,332.22 |
| ITEM 2001AB | $111,355.92 |
| ITEM 2001AC | $ 34,549.14 |
| ITEM 3001AA | $101,108.46 |
| ITEM 3001AB | $103,932.18 |
| ITEM 3001AC | $ 32,247.48 |
| ITEM 4001AA | $101,108.46 |
| ITEM 4001AB | $103,932.18 |
| ITEM 4001AC | $ 32,247.48 |
| ITEM 5001AA | $ 47,135.58 |
| ITEM 5001AB | $ 48,454.26 |
| ITEM 5001AC | $ 15,037.26 |
| **TOTAL CLAIM:** | **$1,110,621.72** |

OFFER OF SETTLEMENT

The FARs allow for reimbursement of costs and lost profits in cases where a contract is terminated for the convenience of the government. FAR Part 49.201(a) states that:

> "A settlement should compensate the contractor fairly for the work done and the preparations made for the terminated portions of the contract, including a reasonable allowance for profit. Fair compensation is a matter of judgment and cannot be measured exactly... The use of business judgment, as distinguished from strict accounting principles, is the heart of a settlement."

These requirements are upheld by the courts. Contract remedies are designed to make the non-breaching party whole. One way to achieve that end is to give the non-breaching party "expectancy damages," *i.e.*, the benefits the non-breaching party expected to receive in the absence of a breach. *Glendale Fed. Bank, FSB v. United States*, 239 F.3d 1374, 1379 (Fed. Cir. 2001), citing Restatement (Second) of Contracts § 344(a) (1981). "The general rule in common law breach of contract cases is to award damages sufficient to place the injured party in as good a position as he or she would have been had the breaching party fully performed." *San Carlos Irrigation & Drainage Dist. v. United States*, 111 F.3d 1557, 1562-63 (Fed. Cir. 1997). Moreover, the damages must have been foreseeable at the time the parties entered the contract, which requires that they "be the natural and proximate result of the breach." *Locke v. United States*, 283 F.2d 521, 526 (Ct. Cl. 1960). It is not the duty of courts to second-guess the terms of a

bargained-for exchange. *Aero Spacelines v. United States*, 530 F.2d 324, 354 (Ct. Cl. 1976).

Here, Gulf Enterprises fully complied with its requirements and performed for the agreed period until Arcent determined its services were no longer necessary. As a consequence it should be allowed full profit. Gulf Enterprises should also be compensated fully for the costs incurred in furtherance of the contract. The contract costs, when added to the anticipated contract profit, total $1,110,621.72, the full contract price. "In negotiating or determining profit, factors to be considered include… the rate of profit that the contractor would have earned had the contract been completed; [and] The rate of profit both parties contemplated at the time the contract was negotiated." FAR Part 49.202(b)(7), (8).

CONCLUSION

FAR Part 49.201(b) states that "The primary objective is to negotiate a settlement by agreement. The parties may agree upon a total amount to be paid the contractor without agreeing on or segregating the particular elements of costs or profit comprising this amount."

For the forgoing reasons, Gulf Enterprises seeks $ 917,994.67 .

CERTIFICATION

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Fred F. Peters

Ferdinand F. Peters, MN Atty Lic. #157041
Lakes & Plains Office Building
842 Raymond Avenue, Suite 201
St. Paul, Minnesota 55114
(651) 647-6250
Attorney for Gulf Group
General Enterprises, W.L.L.

# SETTLEMENT PROPOSAL (TOTAL COST BASIS)

OMB No.: 9000-0012
Expires: 06/30/2004

Public reporting burden for this collection of information is estimated to average 3.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVA), Regulatory and Federal Assistance Publications Division, GSA, Washington, DC 20405.

## FOR USE BY A FIXED-PRICE PRIME CONTRACTOR OR FIXED-PRICE SUBCONTRACTOR

| | |
|---|---|
| THIS PROPOSAL APPLIES TO *(Check one)*<br>[X] A PRIME CONTRACT WITH THE GOVERNMENT  [ ] SUBCONTRACT OR PURCHASE ORDER | COMPANY<br>GULF GROUP GENERAL ENTERPRISES CO. W.L.L. |
| SUBCONTRACT OR PURCHASE ORDER NO(S). | STREET ADDRESS<br>SALHIYA COMMERCIAL COMPLEX 4TH ENTRANCE |
| **CONTRACTOR WHO SENT NOTICE OF TERMINATION** | CITY AND STATE *(Include ZIP Code)*<br>SAFAT 13077 |
| NAME | NAME OF GOVERNMENT AGENCY<br>ARCENT-KU CONTRACTING OFFICE |
| ADDRESS *(Include ZIP Code)* | GOVERNMENT PRIME CONTRACT NO.<br>W912D1-04-P-0897 / CONTRACTOR'S REFERENCE NO. |
| *If moneys payable under the contract have been assigned, give the following:*<br>NAME OF ASSIGNEE | EFFECTIVE DATE OF TERMINATION<br>22-Oct-2004 |
| ADDRESS *(Include ZIP Code)* | PROPOSAL NO.<br>1 / CHECK ONE [X] INTERIM [ ] FINAL |

SF 1439, SCHEDULE OF ACCOUNTING INFORMATION [ ] IS [X] IS NOT ATTACHED *(If not, explain below)*

ACCOUNTING INFORMATION IS PROVIDED IN ATTACHED DOCUMENTS.

### SECTION I - STATUS OF CONTRACT OR ORDER AT EFFECTIVE DATE OF TERMINATION

| PRODUCTS COVERED BY TERMINATED CONTRACT OR PURCHASE ORDER (a) | | FINISHED: PREVIOUSLY SHIPPED AND INVOICED (b) | FINISHED: ON HAND: PAYMENT TO BE RECEIVED THROUGH INVOICING (c) | FINISHED: ON HAND: PAYMENT NOT TO BE RECEIVED THROUGH INVOICING (d) | UNFINISHED OR NOT COMMENCED: SUBSEQUENTLY COMPLETED AND INVOICED* (e) | UNFINISHED OR NOT COMMENCED: NOT TO BE COMPLETED (f) | TOTAL COVERED BY CONTRACT OR ORDER (g) |
|---|---|---|---|---|---|---|---|
| CONTRACT TO PROCURE | QUANTITY<br>6 | | | | | | |
| AND SERVICE DUMPSTERS. | QUANTITY<br>6 | | | | | | |
| SEE ATTACHED. | QUANTITY<br>6 | | | | | | |

### SECTION II - PROPOSED SETTLEMENT

| NO. | ITEM (a) | TOTAL PREVIOUSLY PROPOSED (b) | INCREASE OR DECREASE BY THIS PROPOSAL (c) | TOTAL PROPOSED TO DATE (d) | FOR USE OF CONTRACTING AGENCY ONLY (e) |
|---|---|---|---|---|---|
| 1 | DIRECT MATERIAL | | | | |
| 2 | DIRECT LABOR | | | | |
| 3 | INDIRECT FACTORY EXPENSE *(from Schedule A)* | | | | |
| 4 | SPECIAL TOOLING AND SPECIAL TEST EQUIPMENT *(SF 1428)* | | | | |
| 5 | OTHER COSTS *(from Schedule B)* | | | | |
| 6 | GENERAL AND ADMINISTRATIVE EXPENSES *(from Schedule C)* | | | | |
| 7 | TOTAL COSTS *(Items 1 thru 6)* | | | | |
| 8 | PROFIT *(Explain in Schedule D)* | | | | |
| 9 | TOTAL *(Items 7 and 8)* | | | | |
| 10 | DEDUCT FINISHED PRODUCT INVOICED OR TO BE INVOICED* | | | | |
| 11 | TOTAL *(Item 9 less Item 10)* | | | | |
| 12 | SETTLEMENT EXPENSES *(from Schedule E)* | | | | |
| 13 | TOTAL *(Items 11 and 12)* | | | | |
| 14 | SETTLEMENTS WITH SUBCONTRACTORS *(from Schedule F)* | | | | |
| 15 | GROSS PROPOSED SETTLEMENT *(Items 13 thru 14)* | | | | |
| 16 | DISPOSAL AND OTHER CREDITS *(from Schedule G)* | | | | |
| 17 | NET PROPOSED SETTLEMENT *(Item 15 less 16)* | | | 999,794.67 | |
| 18 | ADVANCE, PROGRESS & PARTIAL PAYMENTS *(from Schedule H)* | | | | |
| 19 | NET PAYMENT REQUESTED *(Item 17 less 18)* | | | 999,[illegible]94.6[illegible] | |

*Column (e), Section I, should only be used in the event of a partial termination, in which the total cost reported in Section II should be accumulated to date of completion of the continuing portion of the contract and the deduction for finished product Item 10, Section II should be the contract price of finished product in Column (b), (c), and (e), Section I.

NOTE: File inventory schedule (SF 1428) for allocable inventories on hand at date of termination (See 49.206).

(When the space provided for any information is insufficient, continue on a separate sheet.)

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is unusable

STANDARD FORM 1436 (REV. 6/2004)
Prescribed by GSA - FAR (48 CFR) 53.249(a)(3)

SCHEDULE A - INDIRECT FACTORY EXPENSE *(Item 3)*

| DETAIL OF EXPENSES | METHOD OF ALLOCATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

NOTE: Individual items of small amounts may be grouped into a single entry in Schedules B, C, D, E, and G.

SCHEDULE B - OTHER COSTS *(Item 5)*

| ITEM | EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| PROCUREMENT AND SERVICING -- SEE ATTACHED | | | |
| | | | |
| | | | |
| | | | |
| | | | |

SCHEDULE C - GENERAL AND ADMINISTRATIVE EXPENSES *(Item 6)*

| DETAIL OF EXPENSES | METHOD OF ALLOCATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

SCHEDULE D - PROFIT *(Item 8)*

| EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

(Where the space provided for any information is insufficient, continue on a separate sheet.)

SCHEDULE E - SETTLEMENT EXPENSES (Item 12)

| ITEM | EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| CURRENTLY BEING REVIEWED | | | |
| | | | |
| | | | |
| | | | |
| | | | |

SCHEDULE F - SETTLEMENTS WITH IMMEDIATE SUBCONTRACTORS AND SUPPLIERS (Item 14)

| NAME AND ADDRESS OF SUBCONTRACTOR | BRIEF DESCRIPTION OF PRODUCT CANCELED | AMOUNT OF SETTLEMENT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

SCHEDULE G - DISPOSAL AND OTHER CREDITS (Item 16)

| DESCRIPTION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(If practicable, show separately amount of disposal credits applicable to acceptable finished product included on SF 1428.)

(Where the space provided for any information is insufficient, continue on a separate sheet.)

**SCHEDULE H - ADVANCE, PROGRESS AND PARTIAL PAYMENTS** *(Item 19)*

| DATE | TYPE OF PAYMENT | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(Where the space provided for any information is insufficient, continue on a separate sheet.)

## CERTIFICATE

This is to certify that the undersigned, individually, and as an authorized representative of the Contractor, has examined this termination settlement proposal and that, to the best knowledge and belief of the undersigned:

(a) AS TO THE CONTRACTOR'S OWN CHARGES. The proposed settlement (exclusive of charges set forth in Item 14) and supporting schedules and explanations have been prepared from the books of account and records of the Contractor in accordance with recognized commercial accounting practices; they include only those charges allocable to the terminated portion of this contract; they have been prepared with knowledge that they will, or may, be used directly or indirectly as the basis of settlement of a termination settlement proposal or claim against an agency of the United States; and the charges as stated are fair and reasonable.

(b) AS TO THE SUBCONTRACTORS' CHARGES. (1) The Contractor has examined, or caused to be examined, to an extent it considered adequate in the circumstances, the termination settlement proposals of its immediate subcontractors (exclusive of proposals filed against these immediate subcontractors by their subcontractors); (2) The settlements on account of immediate subcontractors' own charges are fair and reasonable, the charges are allocable to the terminated portion of this contract, and the settlements were negotiated in good faith and are not more favorable to its immediate subcontractors than those that the Contractor would make if reimbursement by the Government were not involved; (3) The Contractor has received from all its immediate subcontractors appropriate certificates with respect to their termination settlement proposals, which certificates are substantially in the form of this certificate; and (4) The Contractor has no information leading it to doubt (i) the reasonableness of the settlements with more remote subcontractors or (ii) that the charges for them are allocable to this contract. Upon receipt by the Contractor of amounts covering settlements with its immediate subcontractors, the Contractor will pay or credit them promptly with the amounts so received, to the extent that it has not previously done so. The term "subcontractors," as used above, includes suppliers.

NOTE: The Contractor shall, under conditions stated in FAR 15.403, be required to submit a Certificate of Current Cost or Pricing Data (see FAR 15.406-2 and 15.408 Table 15-2).

NAME OF CONTRACTOR: GULF GROUP GENERAL ENTERPRISES CO. W.L.L.

BY (Signature of authorized official): [signature]

TITLE: GM

DATE: 30/10/2004

NAME OF SUPERVISORY ACCOUNTING OFFICIAL:

TITLE: